JACOB COMAS, (a person of color) plaintiff in error, vs. ISHAM REDDISH, defendant in error.

[1.] The Ordinary has no power to apprentice a colored child who resides with and is maintained by its father, the father being a resident of the county and able to support the child.

[2 ] The Act of 1866, touching apprentices, construed.

[3.] If a child not subject to be so dealt with, be bound out by the Ordinary, the indentures of apprenticeship will form no obstacle to restoring the child to its parent by writ of *Habeas corpus*

*Habeas Corpus.* Tried before Judge SESSIONS. September, 1866.

The plaintiff in error, while a slave, took for his wife another slave, his owner and hers both consenting, and recognized her as such for many years; during which time she bore five children, one of whom was a boy, Henry, now thirteen or fourteen years old. He then abandoned this woman, and took up with another; after which, the mother of Henry died. Henry became the slave of the defendant in error, and after emancipation, remained with him until about September, 1865, when he left and went to the plaintiff in error, claiming and recognizing him as his father. From that time forth he resided with his father in Appling county, and was, by his father, (a man of good character for honesty, industry and morality, and abundantly able to support his family,) kept and maintained.

In May, 1866, the Ordinary of Appling county, without the knowledge of Henry or of his father, bound out Henry to the defendant in error, as an apprentice; and indentures of apprenticeship were executed by the Ordinary and the defendant in error, in which the Ordinary recited, as the grounds of his action, that it had been made to appear to that Court that Henry was without any parent residing in that county, and without means for his support and education.

At the time this was done, Henry's father was, in fact, residing in the county, and Henry with him; and it remained

Comas vs. Reddish.

thus until September following, when the defendant sued out a writ of *habeas corpus* to acquire the custody of Henry.

At the hearing of the writ, Judge Sessions held that as the indentures of apprenticeship were executed by a Court of competent jurisdiction, he could not set them aside; and he therefore awarded the custody of the boy to the defendant in error.

This judgment is complained of.

GAULDEN, for plaintiff in error.

NICHOLLS, for defendant.

HARRIS, J.

The Act of the Legislature of Georgia, approved 17th March, 1866, entiled, An Act to alter and amend the laws of this State in relation to apprentices, was evidently designed to make provision for that large class of persons in our midst (colored minors) who, by the results of the civil war, have been thrown upon society, helpless from want of parental protection, want of means of support, inability to earn their daily bread, and from age and other causes.  It was the imperative duty of the Legislature to make provision for this portion of our people, to give them the full protection of the law, and prevent their becoming burdensome upon the industry of the country.

The spirit of this act is wise, just, and humane, and comprehends, alike, the white and black, without discrimination. It is, moreover, clear and perspicuous, and should be enforced in good faith; and under color of its provisions, public functionaries should be vigilant in preventing any one, under the name of master, from getting the control of the labor and services of such minor apprentice, as if he were still a slave.  It should be borne always in mind, and at all times should regulate the conduct of the white man, that slavery is with the days beyond the flood; that it is prohibited by

the Constitution of the State of Georgia, and by that paramount authority, the Constitution of the United States; and that *its continuance will not by any honest public functionary be tolerated, under the forms of law or otherwise, directly or indirectly.*

The Act referred to never contemplated the apprenticing of a colored minor whose father or mother were alive, resident in the same county of the minor. When the parents are dead, and the profits or income of their estate are insufficient for the support of the minor, then, and in such case, the Ordinary may bind out the minor as an apprentice. So, also, when the parents of a minor reside out of the county in which he resides, and their means are insufficient for his support, the Ordinary may apprentice the minor. The law further enacts, that in all cases where the parents are, from poverty, infirmity, from disease or old age, unable to support their minor children, the Ordinary is authorized to bind out the minor children of such parents.

The testimony in the record, not simply shows an entire want of jurisdiction of the Ordinary in this case, but the strongest reasons why he should not have yielded to the wish of Reddish to have the boy Henry apprenticed to him.

Let the judgment be reversed.